UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT E. HACKLEY, | : | **CIVIL NO. 3:08-CV-1500** |
| Petitioner | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| WARDEN BLEDSOE, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On August 11, 2008, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The respondent filed a response to the petition on September 12, 2008.  The petitioner filed a reply on September 29, 2008.

In 1979, the petitioner was sentenced to three concurrent ten-year Youth Corrections Act sentences. *Doc. 6-2, Exhibit* 1. The United States Parole Commission (Commission) granted the petitioner a presumptive parole date of February 17, 1984. *Doc. 6-2, Exhibit 2.*  However, following the petitioner's involvement in a riot at the institution where he was incarcerated, the Commission retarded the petitioner's presumptive parole date and ordered a rescission hearing. *Id.*

On May 1, 1984, the petitioner was sentenced in the United States District Court for the Eastern District of Virginia to life imprisonment for first degree murder. *Doc. 6-2, Exhibit 3.* The petitioner was also sentenced to three consecutive ten year terms for assisting in a mutiny and riot, conveying a weapon within a federal penal institution and assaulting and impeding an officer in the performance of his official duties. *Id.* Thus, the petitioner was sentenced to life plus thirty years. *Id.*

On November 2, 1984, the Commission ordered that the petitioner's case be reopened and scheduled for a special reconsideration hearing to consider new adverse information. *Doc. 6-2, Exhibit 4.* It is not clear from the record in this case, what the Commission decided at the special reconsideration hearing. However, subsequently, in January of 1998, the Commission granted the petitioner parole on his Youth Correction Act sentences. *Doc. 6-2, Exhibit* 5. By 1989, the petitioner had fully served his Youth Correction Act sentences. *Id.*

On June 24, 1996, the Commission conducted an initial parole hearing for the petitioner on his life plus thirty year sentence. *Doc. 6-2, Exhibit 7.* By a Notice of Action dated August 16, 1996, the Commission denied the petitioner parole and

ordered a 15 year reconsideration hearing in June of 2011. *Doc. 6-2, Exhibit 8.* The Commission set forth its reasons as follows:

> Your offense behavior has been rated as Category Eight severity because you committed a murder. Your salient factor score (SFS-95) is 3. You have been in federal confinement as a result of your behavior for a total of 146 months as of 6/30/96. Guidelines established by the Commission indicate a range of 180+ months to be served before release for cases with good institutional adjustment and program achievement. Also, you have committed behaviors that constitutes [sic] new criminal conduct in a prison facility which is rated as Categories Three, Three and Two severity respectively because you committed two acts of possessing a weapon (7/03/90 and 2/13/91) (12-16 months each) and an act of simple assault (0-10 months), indicating a total guideline range of 24-42 months to be added to your original guideline range. In addition, you have committed rescission behavior classified as administrative. Guidelines established by the Commission indicate a range of 0-2 months for non-drug related infractions. You have committed 3 non-drug related infractions. Your aggregate guideline range is 204+ months to be served. After review of all relevant factors and information presented, a decision more than 48 months above the minimum guidelines is warranted because your victim was a law enforcement officer and was acting within his official duties, attempting to stop a disturbance within a BOP facility. Even after he held up his hands motioning you to stop, you proceeded to hit him in the face with a metal paddle. Thereafter, you disabled him as he lay dying of stab wounds inflicted by your accomplices.
>
> As required by law, you have also been scheduled for a statutory interim hearing during June 1998.

*Id.*

The Commission conducted interim hearings on June 3, 1998, June 2, 2000, July 1, 2002, June 24, 2004, May 4, 2006, and April 28, 2008. *Doc. 6-2, Exhibits 9, 11, 13, 15, 17 & 19.* By a Notice of Action issued after each such hearing, the Commission ordered no change to the 15 year reconsideration date of June 2011. *Doc. 6-2, Exhibits 10, 12, 14, 16, 18 & 20.* The petitioner appealed the Commission's most recent decision to the National Appeals Board, and by a Notice of Action on Appeal dated August 20, 2008, the National Appeals board affirmed the Commission's decision. *Doc. 6-2, Exhibit 21.*

The petitioner claims that the Commission failed to set a release date as mandated by Section 235(b)(3) of the Sentencing Reform Act.

The Sentencing Reform Act (SRA) of 1984 provided for the total revamping of sentencing procedures in the federal system. *Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997). It replaced a system of indeterminate sentences and the possibility of parole with determinate sentences and no parole. *Id*. "Inasmuch as there will be no parole for those convicted after the effective date of the SRA, the Act abolishes the Parole Commission, and repeals most of the pre-existing statutory framework governing parole of federal prisoners." *Id*. Section 235

of the SRA (set out as note to 18 U.S.C. § 3551), however, "saves" the Commission and the parole statutes for a period of time during which the transition to the new system will occur. *Id*.  Section 235(b)(1), as originally enacted, provided that the Commission and parole laws were to remain in effect for five years after the effective date of the SRA. *Id*. "The Parole Commission and all laws relating to parole in existence on October 31, 1987, therefore, were to continue in effect until November 1, 1992." *Id*.  The parole transition sections apply to offenses committed before the SRA's effective date. *Lyons v. Mendez*, 303 F.3d 285, 288 (3d Cir. 2002).

Section 235(b)(3) of the SRA, as originally enacted, provided:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline.  A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Sentencing Reform Act of 1984, § 235(b)(3), Pub.L. 98-473, 99 Stat. 1837.

The five year savings provision for the Commission and the parole laws was later extended to ten years in the Judicial Improvements Act of 1990, Pub.L. 101-650, Title III, §316, Dec. 1990, 104 Stat. 5115.  The ten year period was extended to fifteen years in the Parole Commission Phaseout Act of 1996, Pub.L. 104-232, Oct. 2, 1996, 110 Stat. 3055.  Pursuant to Pub.L. 107-273, §11017, the fifteen year period was extended to eighteen years.  Pursuant to Pub.L. 109-76, § 2, the eighteen year period was extended to twenty-one years.  Most recently, pursuant to the United States Parole Commission Extension Act of 2008, P.L. 110-312, the twenty-one year period was extended to twenty-four years.  Thus, the Commission is now scheduled to expire on October 31, 2011.

The petitioner's contention that the Commission failed to set a release date as mandated by § 235(b)(3) is without merit.  Section 235(b)(3) only requires that a release date be set "early enough to permit consideration of an appeal" before October 31, 2011.  "It has been estimated that appeals of final release dates will take three to six months." *Webb v. Williamson,* Civil Action No. 1:06-CV-0778, 2007 WL 1450397 at *7 (M.D.Pa. May 16, 2007)(Conner, J.), *a'ffd,* 255 Fed. Appx. 612 (3d Cir. 2007).  Thus, the Commission has no present duty to set a release date for the petitioner.

The petitioner also claims that the Commission's decision to deny him release after thirty years[1] violates due process. He contends that there is no rational basis in the record for the Commission to disregard its rule that a prisoner who has served thirty years or more and has substantially observed the rules of the institution is presumptively entitled to release.

28 U.S.C. § 2241 habeas review is confined to questions of constitutional and statutory law. *Bakhitriger v. Elwood,* 360 F.3d 414, 424 (3d Cir. 2004). Habeas review does not include review of administrative fact finding or of the sufficiency of the evidence that underlies the administrative fact finding. *Id.* at 420. However, a writ of habeas corpus may be issued on the basis of a due process violation where there is no basis in fact - i.e. no evidence - for a factual determination. *Id.* at 421 n.7. A habeas court's review of a decision by the Commission is limited. "The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons." *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976).

---

[1] Contrary to the petitioner's intimation, he has not yet served thirty years on his current sentence.

In the instant case, the Commission has set forth a rational basis for its decision, i.e that the petitioner committed murder of a law enforcement officer and that the petitioner had committed institutional infractions.  The Commission did not deny the petitioner due process by denying him parole and setting a reconsideration hearing date of June of 2011.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge

Dated:  October 16, 2008.