**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM E. HACKLEY, | |
| Petitioner, | NO. 3:08-cv-1500 |
| v. | (JUDGE CAPUTO) |
| WARDEN BLEDSOE, | (MAGISTRATE JUDGE SMYSER) |
| Respondent. | |

### MEMORANDUM

Presently before the Court is Petitioner Wilbert E. Hackley's objection to the Report and Recommendation of Magistrate Judge Smyser recommending that his petition for a writ of habeas corpus be denied. (Doc. 8.) For the reasons stated below, the Court will overrule Petitioner's objection, adopt the Report and Recommendation (R&R), and deny the petition.

### BACKGROUND

The factual background of this petition is laid out more fully in Magistrate Judge Smyser's R&R. The facts relevant to this Memorandum are as follows. On May 1, 1984, Petitioner was sentenced to life plus thirty years by the U.S. District Court for the Eastern District of Virginia for several offenses. (Resp. to Pet., Ex. 3, Doc. 6.) On June 24, 1996, Petitioner had a parole hearing on this sentence before the U.S. Parole Commission. (*Id*. at Ex. 7.) By Notice of Action dated August 16, 1996, the Commission denied parole and ordered a fifteen (15) year reconsideration hearing in June of 2011. (*Id*. at Ex. 8.) The Commission has held interim hearings every two years since this decision and after each has ordered no change in the June 2011 reconsideration hearing date. (*Id*. at Exs. 9, 11,

13, 15, 17, 19.)  Petitioner appealed the most recent of these decisions—evidenced by Notice of Action dates May 21, 2008 (*Id.* at Ex. 20)—to the National Appeals Board.  The Board affirmed the Commission's decision.  (*Id.* at Ex. 21.)  Petitioner bases his petition on this May 21, 2008 Commission decision.

The procedural history of the petition is as follows.  Petitioner brought a petition for writ of habeas corpus on August 11, 2008.  (Doc. 1.)  The Magistrate Judge then ordered Respondent to show cause why the petition should not be granted.  (Doc. 5.)  Respondent filed a response to the petition on September 12, 2008.  (Doc. 6.)  Petitioner filed a traverse on September 25, 2008.  (Doc. 7.)  Magistrate Judge Smyser issued an R&R on October 16, 2008, recommending the petition be denied.  (Doc. 8.)  On November 20, 2008, this Court adopted the R&R and denied the petition.  (Doc. 9.)  On November 28, 2008, Petitioner filed a motion for relief from judgment, arguing he did not have an opportunity to file objections because was not served with the R&R.  (Doc. 10.)  On consideration of the motion, this Court vacated its previous Order denying the petition.  (Doc. 13.)  Petitioner then filed the present objection to the R&R on December 22, 2008.  (Doc. 14.)  Respondent filed a response to the objection on January 8, 2009.  (Doc. 15.)

**LEGAL STANDARD**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In its *de novo* review, the Court may

accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994) (Kosik, J.). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Venaskie, J.) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

**DISCUSSION**

Petitioner presented two grounds in his petition for issuance of the writ: (1) the Commission violated the Sentencing Reform Act, codified at 18 U.S.C. § 3551 *et seq*., by failing to assign him a release date; and (2) the Commission denied him due process because he was he presumptively entitled to release after serving thirty (30) years while substantially observing institutional rules. Magistrate Judge Smyser concluded that the first ground has no merit because the Commission has no present duty to set a release date for

Petitioner. He further concluded that the Commission did not violate Petitioner's right to due process by failing to release him because the administrative record reflects a rational basis for the Commission's decision.

Petitioner objects only to the first conclusion, arguing that the language of § 235(b)(3) of the Sentencing Reform Act (SRA)[1] clearly directs the Commission to set a finite release date for him. Because he objects to this conclusion, the Court reviews the issue *de novo*. Because he does not object to the second conclusion, it will be reviewed for clear error.

### I.  Sentencing Reform Act

The Court's review of § 235(b)(3) of the SRA results in the same analysis as that of Magistrate Judge Smyser. The SRA created new sentencing procedures in the federal system, replacing "indeterminate sentences and the possibility of parole with determinate sentencing and no parole." *Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997). In doing so, it abolished the U.S. Parole Commission and repealed federal parole statutes. *Id.* However, Section 235 provided a savings provision to keep the Commission and parole statutes in effect for a period of transition to the new system. *Id.* These transition sections apply to offenses committed before the SRA's effective date,[2] which includes Petitioner. *Lyons v. Mendez*, 303 F.3d 285, 288 (3d Cir. 2002).

As originally enacted in 1984, § 235(b)(3) provided:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner

---

[1]  Section 235 of the SRA is codified at 18 U.S.C. § 3551 note.

[2]  The SRA's effective date, as provided in § 235, is November 1, 1987. *See* 18 U.S.C. § 3551 note.

4

under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Pub. L. 98-473, § 235(b)(3), 98 Stat. 2032.[3]

Since its original enactment, § 235(b)(3) has been continually amended to extend the five year savings provision for the Commission and parole statutes. In 1990, § 235(b) was amended to replace each reference to "five years" or "five-year period" with a reference to "ten years" or "ten-year period," respectively. Pub. L. 101-650, § 316, 104 Stat. 5115. The section was amended again in 1996, 2002, 2005, and 2008, each time extending the savings provision until the current version, which extends the life of the Commission and parole statutes by twenty-four years after the effective date of the SRA. *See* Pub. L. 104-232, § 2(a), 110 Stat. 3055 (replacing ten (10) years with fifteen (15) years); Pub. L. 107-273, § 11017(a), 18 U.S.C. § 4202 note (replacing fifteen (15) years with eighteen (18) years); Pub. L. 109-76, § 2, 119 Stat. 2035 (replacing eighteen (18) years with twenty-one (21) years); Pub. L. 110-312, § 2, 122 Stat. 3013 (replacing twenty-one (21) years with twenty-four (24) years). The Commission and parole statutes are currently set to expire on October 31, 2011.

Petitioner correctly notes that § 235(b)(3) states the Commission "shall set a release

---

[3] Section 235(b)(3) was amended on December 7, 1987, instructing the Commission to set a release date "pursuant to Section 4206 of Title 18 United States Code," and replacing the words "that is within the range that applies to the prisoner under the applicable parole guideline." Pub. L. 100-182, § 2(b), 101 Stat. 1266. This amendment does not impact the analysis of whether the Commission had an obligation to set a release date at the time of the May 2008 Notice of Action.

5

date," but fails to recognize the statute's qualifying language as to *when* it must set such date.  As amended, § 235(b)(3) applies to individuals who will be in the Commission's jurisdiction on the day before the expiration of twenty-four years after November 1, 1987, the SRA effective date, and requires that a release date be set early enough to permit consideration of an appeal before midnight on October 31, 2011, the expiration of twenty-four years following November 1, 1987.  As the Magistrate Judge correctly notes, "[i]t has been estimated that the appeals of final release dates will take three to six months." *Webb v. Williamson*, No. 06-cv-0778, 2007 U.S. Dist. LEXIS 35788, at *19 (M.D. Pa. May 16, 2007) (Conner, J.) (citing 28 C.F.R. 2.64 (1987)).  Under the current § 235(b)(3), the Commission will not have an obligation to set a release date for Petitioner until about April of 2011.  Thus, the Commission did not violate the SRA by failing to set a release date in the year 2008.  The Court therefore agrees with the Magistrate Judge's conclusion that the petition should be denied on this ground.

   **II.    Due Process Ground**

Recommendations to which no objections are made are reviewed for clear error. *Cruz*, 990 F. Supp. at 376-77.  Finding no clear error in Magistrate Judge Smyser's conclusion that Petitioner was not denied due process, the Court will adopt his recommendation that the petition be denied on this ground.

**CONCLUSION**

After the appropriate review, the Court will adopt Magistrate Judge Smyer's recommendation that Petitioner's petition for a writ of habeas corpus be denied.

An appropriate Order follows.

<br>

| March 6, 2009 | /s/ A.  Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM E. HACKLEY,

    Petitioner,

    v.

WARDEN BLEDSOE,

    Respondent.

NO. 3:08-cv-1500

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

**NOW**, this __6th__ day of March, 2009, **IT IS HEREBY ORDERED** that:

(1) Petitioner William E. Hackley's Objection to the Report and Recommendation (Doc. 14) is **OVERRULED.**

(2) The Report and Recommendation (Doc. 8) is **ADOPTED.**

(3) The Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED.**

(4) The Clerk of Court is ordered to mark this matter as **CLOSED.**

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge