# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILBERT E. HACKLEY, | |
| Petitioner, | NO. 3:08-CV-1500 |
| v. | |
| WARDEN BLEDSOE, | (JUDGE CAPUTO) |
| Respondent. | |

## MEMORANDUM ORDER

Presently before the Court is Petitioner William E. Hackley's Motion to Alter or Amend Judgment. (Doc. 17.) Petitioner asks for reconsideration of the Court's Memorandum and Order of March 6, 2009 (Doc. 16) adopting Magistrate Judge Smyser's Report and Recommendation ("R&R") and denying Petitioner's petition for a writ of habeas corpus.

Petitioner brought a petition for a writ of habeas corpus on August 11, 2008. (Doc. 1.) Magistrate Judge Smyser issued an R&R on October 16, 2008, recommending the petition be denied. (Doc. 8.) On November 20, 2008, this Court adopted the R&R and denied the petition. (Doc. 9.) On November 28, 2008, Petitioner filed a motion for relief from judgment, arguing he did not have an opportunity to file objections because was not served with the R&R. (Doc. 10.) On consideration of the motion, this Court vacated its previous Order denying the petition. (Doc. 13.) Petitioner then filed an objection to the R&R on December 22, 2008. (Docs. 14.) The Court overruled Petitioner's objection, adopted the R&R, and again denied Petitioner's petition in its Memorandum and Order of March 6, 2009. (Doc. 16.) Petitioner now moves for reconsideration of the Court's March 6 decision. (Doc. 17.) This motion has been fully briefed as is ripe for disposition.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Petitioner argues that reconsideration is necessary to correct a clear error of law and fact. He argues that his objection to Magistrate Judge Smyser's R&R focused on the U.S. Parole Commission's erroneous failure to set him a release date pursuant to § 235(b)(3) of the Sentencing Reform Act ("SRA") at the time of a 1996 parole hearing. The Court erred in its Memorandum and Order of March 6, 2009, he argues, by improperly focusing on whether the Commission had an obligation to set a release date at a 2008 parole hearing. *See Hackley v. Bledsoe*, No. 08-cv-1500, slip op. at 6 (M.D. Pa. Mar. 6, 2009) ("the Commission did not violate the SRA by failing to set a release date in the year 2008").

At an August 16, 1996 parole hearing, referenced here by Petitioner, he was denied parole; at that time, the Commission ordered a fifteen (15) year reconsideration hearing in June of 2011. (Resp. to Pet., Ex. 8, Doc. 6.) The Commission has held interim hearings every two years since this decision and, after each, has ordered no change in the June 2011

2

reconsideration hearing date. (*Id*. at Exs. 9, 11, 13, 15, 17, 19.) Petitioner appealed the most recent of these interim hearing decisions—evidenced by a Notice of Action dated May 21, 2008—to the National Appeals Board. (*Id*. at Ex. 20.)

Though Petitioner argues that the Court improperly focused on the Commission's failure to set a release date in 2008, rather than in 1996, it is his own Petition that prompts such a focus. "Ground One" of the Petition—the only ground at issue in Petitioner's R&R objection and now—is entitled "U.S. Parole Commission violated § 235(b)(3) of the Sentencing Reform Act." (Pet. 4, Doc. 1.) In support of Ground One, Petitioner writes: "In a Notice of Action dated May 21, 2008, the Commission failed to give petitioner a release date, as mandated by § 235(b)(3) of the SRA." (*Id*.) Petitioner cannot now claim that he in fact attacked an almost thirteen (13) year old parole decision that was not raised in his Petition.[1]

**NOW**, this   15th   day of May, 2009, **IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Doc. 17) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[1] Petitioner will also find that the analysis of § 235(b)(3) discussed in both the R&R and the March 6, 2009 Memorandum applies equally to the Commission's obligations in 1996 as to 2008 because the SRA has been continually amended since its 1984 enactment, each time extending the period before which a mandatory release date must be set for individuals in the Commission's custody.

3