# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT E. HACKLEY, | : | CIVIL NO: 3:08-CV-01500 |
| Petitioner, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| WARDEN BLEDSOE, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On August 11, 2008, Wilbert E. Hackley ("Hackley"), a federal prisoner currently incarcerated at USP McCreary in Kentucky, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was denied by this Court on March 6, 2009. *See Doc. 16*. On December 12, 2014, Hackley filed a motion alleging his constitutionally-protected rights were violated by federal agents (*Doc. 26*), pursuant to 28 U.S.C. § 1331,[1] which is pending before this Court. Our recommendations follow.

---

[1] Hackley's motion is titled "Petition for Review for Enforcement of an Agency Pursuant to [F.R.AP.P] Rule (15) (b)" and was originally docketed as a Motion for Reconsideration. Hackley filed an objection to the characterization of his motion as a Motion for Reconsideration, however, and Judge Caputo ordered that the docket be amended to reflect that the document is a motion alleging that Hackley's constitutionally protected rights were violated by federal agents. *See Doc. 32*. A private right of action under 28 U.S.C. § 1331 for the violation of constitutional rights by federal agents was recognized by the Supreme Court in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

I. **Background and Procedural History.**

In 1979, Hackley was sentenced to three concurrent ten-year Youth Corrections Act sentences. *Doc. 6-2, Exhibit 1*. The United States Parole Commission ("Commission") granted Hackley a presumptive parole date of February 17, 1984. *Doc. 6-2, Exhibit 2*. Following Hackley's involvement in a riot at the institution where he was incarcerated, however, the Commission retarded his presumptive parole date and ordered a rescission hearing. *Id.*

On May 1, 1984, Hackley was sentenced in the United States District Court for the Eastern District of Virginia to life imprisonment for first degree murder. *Doc. 6-2, Exhibit 3*. Hackley was also sentenced to three consecutive ten-year terms for assisting in a mutiny and riot, conveying a weapon within a federal penal institution, and assaulting and impeding an officer in the performance of his official duties. *Id.* Thus, Hackley was sentenced to life plus thirty years. *Id.*

On November 2, 1984, the Commission ordered that Hackley's case be reopened and scheduled for a special reconsideration hearing to consider new adverse information. *Doc. 6-2, Exhibit 4*. It is not clear from the record in this case, what the Commission decided at the special reconsideration hearing. Later, however, in January of 1998, the Commission granted Hackley parole on his Youth Correction Act sentences. *Doc. 6-2, Exhibit* 5. By 1989, Hackley had fully served his Youth Correction Act sentences. *Id.*

On June 24, 1996, the Commission conducted an initial parole hearing for Hackley on his life-plus-thirty-year sentence. *Doc. 6-2, Exhibit 7.* By a Notice of Action dated August 16, 1996, the Commission denied Hackley parole and ordered a 15-year reconsideration hearing in June of 2011. *Doc. 6-2, Exhibit 8.* On August 11, 2008, Hackley filed a habeas petition alleging that the Commission failed to set a release date as mandated by Section 235(b)(3) of the Sentencing Reform Act and alleging that a decision by the Commission not to release him after thirty years violated due process. *See Doc. 1.* The habeas petition was denied by this Court in an order dated March 6, 2009. *Doc. 16.* In that order, Judge Caputo concluded that the Commission was not obligated to set a release date for Hackley until approximately April 2011 and that the Commission had a rational basis for choosing not to release Hackley from prison after he had been incarcerated for 30 years. Subsequently, Hackley filed a motion for reconsideration of the March 6, 2009 order, and this motion for reconsideration was denied by Judge Caputo on May 15, 2009. *See Hackley v. Bledsoe*, 2009 WL 1392147 (M.D. Pa May 15, 2009). Hackley then appealed to the Third Circuit Court of Appeals, which delivered an opinion on October 29, 2009 affirming both of Judge Caputo's orders. *See Hackley v. Bledsoe*, 350 Fed. Appx. 599 (3d Cir. 2009).

Hackley's most recent parole hearing was held by the Commission on July 15, 2013. *Doc. 26-1* at 23. As a result of this hearing, the Commission denied

Hackley parole and ordered that a 15-year reconsideration hearing be held in July 2028. *Id.* The Commission also scheduled a statutory interim hearing to occur in July 2015.[2] *Id.* at 24. The Commission set forth its reasons as follows:

> Your offense behavior has been rated as Category Eight severity because it involved Murder. Your salient factor score is 3. You have been in federal confinement as a result of your behavior for a total of 349 months as of July 1, 2013. Guidelines established by the Commission for the above offense behavior indicate a range of 180+ months to be served before release for cases with good institutional adjustment and program achievement. In addition, you have committed 5 non-drug related infractions. Guidelines established by the Commission indicate a range of up to 2 months to be added to your guideline range for each non-drug related infraction. In addition, you have committed 1 drug-related infraction. Guidelines established by the Commission indicate a range of up to 8 months be added to your guideline range for each drug-related infraction.
> In addition, you committed new criminal conduct while in a prison facility of Category Two severity because it involved Simple Assault. Guidelines established by the Commission indicate a range of 0-10 months be added to your guideline range. In addition, you committed two new criminal conducts while in a prison facility of Category Three severity because it involved Possession of a Weapon. Guidelines established by the Commission indicate a range of 12-16 months to be added to your guideline range for each incident. Your aggregate rescission guidelines indicates a range of 24-60 months to be added to your original guidelines of 180+ months for a total guideline range of 204+ months to be served. After review of all relevant factors and information, a decision more than 48 months above the minimum guideline category is warranted because your offense behavior involved the following

---

[2]   It is unclear whether the July 2015 interim hearing has occurred as of this date.

>aggravating factors: You instigated a deadly assault on a Federal Correctional Officer that was attempting to quell a violent confrontation between two rival groups. You initiated the assault on this officer by striking him to the ground with a paddle. You continued to assault this Officer with the same paddle as he lay on the ground. You were joined in the assault by four other individuals including one who stabbed the officer repeatedly. Your role in instigating this deadly assault on a Correctional Officer attempting to carry out his responsibilities in preventing deadly violence among inmates is especially aggravating. The Commission finds that your release on parole would depreciate the seriousness of the offense and promote disrespect for the law.

*Id*. at 23.

On December 12, 2014, Hackley filed the motion currently pending before this Court. Hackley again alleges that the Commission has failed to set a release date as mandated by Section 235(b)(3) of the Sentencing Reform Act and as ordered by Judge Caputo. Further, he alleges that the Commission's July 2013 decision to not release him and to order a 15-year reconsideration in 2028 is arbitrary, capricious, and is an abuse of agency discretion amounting to a violation of the Eighth and Fourteenth Amendments of the United States Constitution. On April 22, 2015, given that the docket was amended to construe Hackley's motion as a motion alleging constitutional violations by federal agents rather than a motion for reconsideration, Hackley was instructed to file further briefing in support of his motion by May 13, 2015. To date, no further briefing has been filed by Hackley, and the only correspondence received from Hackley was a notice of address

change filed June 29, 2015, and dated June 17, 2015 well after the April 22, 2015 order directing him to file a brief (*Doc. 33*).[3] Because of reasons to be discussed herein, we conclude that Hackley's motion should be denied.

**II.   Discussion.**

**A. The Parole Commission's Failure to Set a Release Date for Hackley.**

The Sentencing Reform Act (SRA) of 1984 provided for the total revamping of sentencing procedures in the federal system. *Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997). It replaced a system of indeterminate sentences and the possibility of parole with determinate sentences and no parole. *Id*. "Inasmuch as there will be no parole for those convicted after the effective date of the SRA, the Act abolishes the Parole Commission, and repeals most of the pre-existing statutory framework governing parole of federal prisoners." *Id*. Section 235 of the SRA (set out as note to 18 U.S.C. § 3551), however, "saves" the Commission and the parole statutes for a period of time during which the transition to the new system will occur. *Id*. Section 235(b)(1), as originally enacted, provided that the Commission and parole laws were to remain in effect for five years after the effective date of the SRA. *Id*. "The Parole Commission and all laws

---

[3]   Hackley's change of address notification informs this Court that he was recently transferred to USP McCreary located in Pine Knot, Kentucky.

relating to parole in existence on October 31, 1987, therefore, were to continue in effect until November 1, 1992." *Id.* The parole transition sections apply to offenses committed before the SRA's effective date. *Lyons v. Mendez*, 303 F.3d 285, 288 (3d Cir. 2002).

> Section 235(b)(3) of the SRA, as originally enacted, provided:
>
> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction the day before the expiration of five years after the effective date of this Act, that is within the range that applies to the prisoner under the applicable parole guideline. A release date set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Sentencing Reform Act of 1984, § 235(b)(3), Pub. L. 98-473, 99 Stat. 1837.

The five year savings provision for the Commission and the parole laws was later extended to ten years in the Judicial Improvements Act of 1990, Pub. L. 101-650, Title III, §316, Dec. 1990, 104 Stat. 5115. The ten year period was extended to fifteen years in the Parole Commission Phaseout Act of 1996, Pub. L. 104-232, Oct. 2, 1996, 110 Stat. 3055. Pursuant to Pub. L. 107-273, §11017, the fifteen year period was extended to eighteen years. Pursuant to Pub. L. 109-76, § 2, the eighteen year period was extended to twenty-one years. Pursuant to Pub. L. 110-312, the twenty-one year period was extended to twenty-four years. The twenty-

four year period was then extended to twenty-six years by Pub. L. 112-44. Most recently, on October 30, 2013, Congress extended the Commission for another five years with Pub. L. 113-47. Thus, the Commission is now scheduled to expire on October 31, 2018.

Hackley's renewed contention that the Commission has still failed to set a release date as mandated by § 235(b)(3) is without merit. Section 235(b)(3) only requires that a release date be set "early enough to permit consideration of an appeal" before October 31, 2018. "It has been estimated that appeals of final release dates will take three to six months." *Webb v. Williamson,* Civil Action No. 1:06-CV-0778, 2007 WL 1450397 at *7 (M.D. Pa. May 16, 2007)(Conner, J.), *aff'd,* 255 Fed. Appx. 612 (3d Cir. 2007). Thus, the Commission has no present duty to set a release date for Hackley. Hackley relies upon the March 6, 2009 order of Judge Caputo, which read, "Under the current § 235(b)(3), the Commission will not have an obligation to set a release date for Petitioner [Hackley] until about April of 2011." *Doc. 16* at 6. Judge Caputo's order, issued long before Congress's most recent extension of the Commission's life until October 31, 2018, did not mandate that the Commission set a release date around April of 2011 if the life of the Commission was again extended. Given the most recent extension and barring any further extensions, the Commission would have no obligation to set a release date for Hackley until around April of 2018.

**B. Hackley's Constitutional Claims and Request for a Sentence Reduction.**

Furthermore, Hackley attacks the Commission's July 2013 decision to not release Hackley on parole as being arbitrary and capricious and amounting to a constitutional violation. The Commission, however, described in considerable detail its reasons for denying Hackley parole, and these reasons were not illogical in the least. The Commission noted that Hackley was convicted of the aggravated offense of first-degree murder and furthermore recounted multiple subsequent criminal acts committed by Hackley in prison including the assault of a corrections officer and the instigation of a lethal attack on a corrections officer. Hackley asserts nonetheless that he should be paroled, by pointing out that in June 2013, he assisted in reviving a USP-Canaan staff member who had been injured and rendered incoherent by a falling clock and he protected the staff member from other inmates while the incident was occurring. This Court has noted, however, that mere denial of parole does not amount to an Eighth Amendment violation as long as it does not result in incarceration beyond the expiration of an inmate's sentence. *See Sharard v. Berks Cnty.*, 2012 WL 6838952, at *8 (M.D. Pa. Dec. 6, 2012) (citing *Krantz v. Pennsylvania Bd. of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Commw. Ct. 1984); *McFadden v. Lehman*, 968 F.Supp. 1001, 1004 (M.D. Pa. 1997)).

Notwithstanding the merits of Hackley's claims, his current motion has been characterized as a *Bivens* action. The courts have recognized that when a prisoner's challenge "ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge . . . must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). On the other hand, "claims should be brought in a *Bivens* action . . . 'when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction.'" *See Cohen v. Lappin,* 402 F. App'x 674, 676 (3d Cir. 2010) (quoting *Leamer*, 288 F.3d at 542).

Hackley's complaints have nothing to do with the conditions of his confinement. Rather, the gravamen of his complaint is that the Commission failed to set a release date, wrongfully denied him parole, and that he should be eligible for a reduced sentence on account of his showing of good character on an occasion in June 2013. All of this pertains to the fact or length of his sentence, and thus, the claims he currently raises should be brought by way of a habeas petition rather than a *Bivens* complaint.

## III. Recommendation.

Accordingly, for the foregoing reasons, **WE RECOMMEND** that Hackley's motion (*Doc. 26*) be **DISMISSED** without prejudice to him raising his claims regarding the denial of parole and the setting of a parole date in a habeas petition at an appropriate time.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **23rd** day of **July 2015**.

***S/ Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge
